```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   HARRISON DIVISION

BRENDA FLOOD                                        PLAINTIFF

         v.              Civil No. 07-3019

WNC CLOUD MERGER SUB, INC.
d/b/a WABASH WOOD PRODUCTS                          DEFENDANT
```

**O R D E R**

NOW on this the 3rd day of April 2008, comes on for consideration Defendant's **Motion to Dismiss and/or, in the Alternative, for Partial Summary Judgment** (document #14) and Plaintiff's response thereto (document #17). The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

1. On May 17, 2007, Plaintiff Brenda Flood (hereinafter "Plaintiff") commenced this action against Defendant WNC Cloud Merger Sub, Inc. (hereinafter "Defendant"), seeking relief from Defendant's alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 663, the Arkansas Civil Rights Act ("ACRA"), Ark. Code § 16-123-101 et

seq., and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.  Specifically, Plaintiff claims that she was disciplined, harassed, discriminated against, subjected to different terms and conditions of employment, and ultimately terminated because of her gender, age, and in retaliation for previously opposing unlawful treatment in her workplace.  Further, Plaintiff asserts that her employment was terminated while attempting to qualify for leave, due to a medical condition, under the FMLA.

    2. Defendant now moves for the dismissal of several of Plaintiff's claims or, in the alternative, for partial summary judgment.  Plaintiff has responded in opposition to this motion.  However, in her response, Plaintiff concedes that "[a]t this stage in the litigation and discovery process ... she does not have sufficient evidence to go forth with regard to any of her gender and age related claims." Doc. 19 at 1-2.  Accordingly, Plaintiff does not refute any of Defendant's arguments for dismissal or summary judgment as it relates to her gender and age-related claims.  Thus, the Court finds that the following claims should be dismissed:

    * Count I – Gender Harassment/Discrimination in Violation of Title VII;

* Count III – Gender Harassment/Discrimination in Violation of the ACRA; and

* Count VI – Violation of the Age Discrimination in Employment Act.

In view of the foregoing, the Court will only consider Defendant's arguments for dismissal and/or summary judgment as to the following, remaining causes of action:

* Count II – Hostile Work Environment in Violation of Title VII;

* Count IV – Retaliation in Violation of Title VII; and

* Count VII – Harassment, Discrimination, and Termination in Violation of the FMLA.[1]

3. The Court will first address Defendant's motion to dismiss Plaintiff's hostile work environment and retaliation claims. Defendant argues that these claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for failure to exhaust administrative remedies. Specifically, Defendant argues that Plaintiff failed to file an Equal Employment Opportunity Commission ("EEOC") claim asserting that a hostile work

---

[1] As Defendant does not seek dismissal or summary judgment as to Plaintiff's claim for wrongful termination, Count V, the Court will not address this claim.

environment existed and that acts of retaliation occurred during the time of her employment with Defendant. Accordingly, Defendant says that Plaintiff has failed to exhaust her administrative remedies with regard to her claims of hostile work environment and retaliation and, consequently, this Court is without subject matter jurisdiction as to these claims.

A Title VII plaintiff must exhaust administrative remedies before bringing suit in federal court. Cottrill v. MFA, Inc., 443 F.3d 629, 634 (8th Cir. 2006). That is, a claimant must first timely file an administrative charge with the EEOC. 42 U.S.C. § 2000e-5(e); Cottrill, 443 F.3d at 634. The administrative charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). If the EEOC gives the individual a right-to-sue letter following its investigation, the charge limits the scope of the subsequent civil action because "the plaintiff may [only] seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." Cottrill, 443 F.3d at 634 (quoting Nichols v. Am. Nat'l Ins. Co., 154 F.3d 875, 886 (8th Cir. 1998)). Permitting claims to be brought in court which are outside the scope of the underlying EEOC charge would

"circumscribe the EEOC's investigatory and conciliatory role and deprive the charged party of notice of the charge." Id.; Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 836 (8th Cir. 2000).

In the instant case, Plaintiff filed an EEOC charge on February 13, 2007 – following her termination of employment with Defendant in November 2006. In the EEOC charge, Plaintiff states her claim as follows:

> I was hired on September 20, 1999. On November 9, 2006, I was discharged from my position of knot cutter and pull off table. I was told the reason for my discharge was due to arguing with the human resources manager. I believe I have been discriminated against because of my sex, (Female), in violations of Title VII of the Civil Rights Act of 1964, as amended, my age, in violation of the Age Discrimination in Employment Act of 1964, as amended, my disability, in violation of the Americans with Disabilities Act of 1990, and in retaliation for opposing practices made unlawful under all aforementioned EEOC federal statutes.

This administrative charge makes no mention of a hostile work environment claim, ongoing discriminatory practices, retaliatory actions that were taken during the course of Plaintiff's employment, or adverse employment actions – other than her termination. This conclusion is supported by the fact that, in the EEOC charge, Plaintiff states specifically that the date the alleged discrimination took place was on November 9, 2006 – the

5

date of her employment termination.  Additionally, although given the option of doing so, Plaintiff did not indicate that there was discrimination of an ongoing or continuing nature.

As it is evident that the single claim set forth in Plaintiff's EEOC charge is for unlawful termination, the relevant inquiry in this case becomes whether the hostile work environment and retaliation claims set forth in the complaint are "like or reasonably related to" Plaintiff's EEOC unlawful termination charge. See Wedow v. City of Kansas City, Missouri, 442 F.3d 661, 672 (8th Cir. 2006) ("... a plaintiff will be deemed to have exhausted administrative remedies if the allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought").  In recent years, the Eighth Circuit has considerably narrowed its view of what is "like or reasonably related to" originally filed EEOC allegations. And, while the Eighth Circuit does not require that subsequently-filed lawsuits mirror the underlying administrative charges, it does not permit the sweep of a complaint to go beyond "the scope of the EEOC investigation which could reasonably be expected to grow out of the charge." Wedow, 442 F.3d at 674 (quoting Duncan v. Delta Consol. Indus., Inc., 371 F.3d 1020,

6

1025 (8th Cir. 1999)). This is a case where the sweep of the complaint does just that.

Given the straightforward and limited allegations set forth in Plaintiff's EEOC charge, the Court finds that this charge would not lead the Commission to investigate whether Plaintiff was subject to an abusive working environment or retaliatory conduct during the course of her employment with Defendant. And, while the Court will "liberally construe an administrative charge for exhaustion of remedies purposes, we also recognize that 'there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005) (quoting Shannon v. Ford Motor Co., 72 F.3d 678, 685 (8th Cir. 1996)). Thus, the Court finds that Plaintiff has failed to exhaust her administrative remedies as to these claims. Accordingly, Plaintiff's claim of hostile work environment (Count II) should be dismissed. Further, all claims for retaliation set forth in Count IV of the complaint should be dismissed, except Plaintiff's claim for retaliatory discharge.[2]

---

[2] The EEOC charge clearly alleges that Plaintiff was discharged in retaliation for opposing practices made unlawful under federal law. Consequently, Plaintiff's claim for unlawful termination under ACRA and her claim for retaliatory discharge under Title VII are proper and

4. Turning to Plaintiff's FMLA claim, Defendant argues that this claim should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, Defendant says that Plaintiff does not allege in her complaint that she was terminated *because* she was attempting to take FMLA leave or in retaliation for taking such leave. That is, Defendant argues that the complaint makes no causal connection relative to her termination and her exercise of rights under the FMLA. Rather, Plaintiff merely states that she was terminated while attempting to qualify for leave under the FMLA and that her termination was in violation of the Act. As such, Defendant argues that Plaintiff fails to state a claim and that her FMLA cause of action should be dismissed accordingly.

    The complaint clearly states that Plaintiff was qualified for leave under the FMLA, yet this benefit was denied. These allegations are sufficient to assert at least an "interference claim" under the Act. In such claims, an employee "must show only that he or she was entitled to the benefit denied." Stallings v. Hussmann Corp., 447 F.3d 1041, 1050 (8th Cir. 2006) (quoting Russell v. N. Broward Hosp., 346 F.3d 1335, 1340 (11th

---

Plaintiff may proceed on these claims.

Cir. 2003)).  Further, the Court notes that under the liberal notice pleading standards of the Federal Rules of Civil Procedure a plaintiff need only give the defendant fair notice of what the claim is and the grounds upon which it rests.  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); see Fed. R. Civ. P. 8(a).

The Court finds that the facts set forth in the complaint give Defendant fair notice of what the proposed FMLA claim is and the grounds upon which it allegedly rests.  See Erickson, 127 S. Ct. at 2200.  Further, the Court cannot say that "it appears beyond doubt that [Plaintiff] can prove no set of facts in support of [her FMLA] claim that would demonstrate an entitlement to relief." Springdale Education Association v. Springdale School District, 133 F.3d 649, 651 (8th Cir. 1998) (describing the standard for dismissal under Rule 12(b)(6)).  Accordingly, the Court finds that Defendants' Motion to Dismiss should be denied as it relates to this count.

5. It follows that Defendant's Motion to Dismiss should be granted in part and denied in part.  Moreover, because the Court finds it appropriate to dismiss Plaintiff's hostile work environment and retaliation claims, it will not address Defendant's arguments for summary judgment with respect thereto.

**IT IS, THEREFORE, ORDERED** that Defendants' **Motion to Dismiss and/or, in the Alternative, for Partial Summary Judgment** (document #14) is hereby **granted in part** and **denied in part**. Defendant's motion is **granted** insofar as it seeks to dismiss Plaintiff's claim for hostile work environment (Count II). Defendant's motion is further **granted** insofar as it seeks to dismiss the various retaliation claims set forth in Count IV of the complaint – except that Plaintiff may proceed on her claim for retaliatory discharge. Defendant's motion is **denied** insofar as it seeks to dismiss Plaintiff's claim under the Family Medical Leave Act.

**IT IS FURTHER ORDERED** that, pursuant to the information provided by Plaintiff in her response to Defendant's motion, Plaintiff's claims for gender harassment in violation of Title VII (Count I), gender harassment in violation of the Arkansas Civil Rights Act (Count III), and violation of the Age Discrimination in Employment Act (Count VI) are hereby dismissed.

**IT IS SO ORDERED.**

> **/s/ Jimm Larry Hendren**
> **JIMM LARRY HENDREN**
> **UNITED STATES DISTRICT JUDGE**